IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS A. OTERO-TORRES, et al

Plaintiff

v.

FEDERICO COLLAZO-RIVERA, et al

Defendants

**Civil No. 09-2006 (SEC)**

**OPINION AND ORDER**

Pending before the Court is Carlos A. Otero-Torres' ("Plaintiff") Motion to Dismiss (Docket # 39). Co-defendants Erasmo Collazo, Olga Rivera, and the Rivera-Collazo conjugal partnership (collectively "Defendants") filed a Response in Opposition thereto, to which Plaintiff proffered a Reply.[1] After considering the pleadings and the applicable law, Plaintiff's Motion to Dismiss will be **GRANTED**.

**Factual & Procedural Background**

The relevant facts pertaining to the present Motion to Dismiss are straightforward. On October 21, 2005, Plaintiff filed a civil complaint against Defendants in the Puerto Rico Court of First Instance, Bayamón Part, Civil No. DKDP-2005-0623. The suit was brought under Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §§ 5141 & 5412 for damages resulting from an alleged shooting by Plaintiff's former employer and Co-defendant Collazo-Rivera on October 23, 2004. The local court granted Plaintiff's motion to voluntarily dismiss said suit without prejudice, and judgment was entered on January 14, 2009. Defendants did not object to the dismissal without prejudice. Plaintiff alleges that he originally

---

[1] The remaining co co-defendants Collazo-Rivera ("Collazo-Rivera"), Ecori Tranport, Inc., and Transportes Collazo-Rivera, Inc. did not join the counterclaim.

**CIVIL NO. 09-2006 (SEC)**                                                                                                   2

brought the suit in local court because he was not appraised of his right to bring a claim under diversity jurisdiction, nor was he adequately advised by his prior counsel.

Regardless of the motivations for switching forums, on September 30, 2009, Plaintiff filed the present action, and on March 2, 2010, Defendants answered and also filed a counterclaim against Plaintiffs. The counterclaim asserts that Otero assaulted Erasmo Collazo, and that Collazo-Rivera, Defendants' son, was left with no other option than to turn his weapon against Plaintiff. Defendants seek damages for pain, suffering, and emotional distress.

Plaintiff denies these allegations, and also argues that Defendants' counterclaim is time-barred, because they failed to file a compulsory counterclaim in the local court case, and thus never tolled Article 1802's one-year statue of limitations.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[2] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Twombly, 127 S. Ct. at 1964. The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly

---

[2] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

**Applicable Law and Analysis**

The limitations period for actions brought pursuant to Article 1802 is one year, as established by Article 1868 of the Civil Code of Puerto Rico. See P.R. Laws Ann. tit. 31, § 5298(2). Furthermore, "[t]hat period ordinarily begins to run at the time that the aggrieved party knows (or should have known) of both his injury and the identity of the party who caused it." Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 (1st Cir. 2009); see also Montañez v. Hosp. Metropolitano, 157 P.R. Dec. 96, 106 (2002). The term to sue then begins to run on the day after the claim accrues.

In the case at hand, the incident giving rise to the counterclaim was a violent confrontation, which ended traumatically with Collazo-Rivera shooting Otero. Defendants have alleged that Otero's aggression caused them pain and suffering, as well as physical injuries. Nevertheless, no allegations have been made that their damages were somehow latent for any period of time before being discovered, or that the incident carried on creating further damages that were not discovered until a future date. Therefore, this Court holds that the effective date

**CIVIL NO. 09-2006 (SEC)** 4

of accrual for any damages claims must be October 23, 2004, the date of the incident with Otero.

Accordingly, under Article 1802, in the absence of an act interrupting or tolling the limitations period, it would have ended on October 23, 2005. However, Plaintiff sued in state court on October 21, 2005, effectively tolling his claims. The suit also appears to have tolled Defendants' counterclaims, but the facts of the case are not so simple.

Under Puerto Rico law, the limitation of tort actions is "not a procedural, but a substantive matter . . ." covered by the Civil Code. Febo Ortega v. Tribunal Superior, 102 D.P.R. 405, 2 P.R. Offic. Trans. 506 (1974). However, Febo clearly adopted the Spanish Civil Code doctrine that, "the interruption arising from the filing of a complaint also favors the defendant conterclaimant when his action derives from the same facts that gave rise to the original complaint." Id. The reasoning behind this is that, as a limitations period runs, the defendant might believe the plaintiff has lost interest in the matter and not file a claim. Should the filing of a complaint not toll the period for both parties, plaintiffs could take advantage of this situation by waiting until the end of the limitations period to file, leaving defendants with no right to assert counterclaims but an obligation to defend themselves against plaintiffs' allegations. The Supreme Court of Puerto Rico found that allowing such a practice would offend common conceptions of justice and lead to no "social utility." Id.

The Febo holding appears to favor Defendants, but the facts in the present case are markedly different from those considered in said decision. As discussed above, the present claim was filed before the Commonwealth courts in 2005, but no counterclaim was proffered until March of this year. Defendants are benefitted by the tolling of their claims when plaintiffs first file suit, but Puerto Rico Rule of Civil Procedure 11.1, governing compulsory counterclaims, provides for preclusion of these claims if they are not plead in the answer to the complaint or in a timely fashion. To wit, Rule 11.1 states:

**CIVIL NO.  09-2006 (SEC)**                                                                   5

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(Official translation).[3] This district has concluded that "[t]he preclusion covers those issues actually litigated and adjudicated and extends to those issues which could have been litigated and adjudicated in the previous suit." R-G Financial Corp. V. Vergara-Nunez, 381 F.Supp. 2d 1, 4 (D.P.R. 2005); see also Del Carmen Tirado v. Department of Education, 296 F.Supp.2d. 127, 130 (D.P.R. 2003). Furthermore, it is only logical to conclude that failure to file a timely counterclaim would reactivate the limitations period.

Here, the parties and claims are identical to those which engendered the Commonwealth action first brought in 2005. Therefore, this Court must conclude that because Defendants failed to exercise their right to file a compulsory counterclaim in the first Commonwealth court action, said counterclaim is now precluded. After several years of inaction, and a change of forum, Defendants have undoubtedly lost their right to counterclaim whether through time-bar, or equity. It is too late in the day for the interests of justice to favor Defendants' claims.

**Conclusion**

Based on the foregoing, Plaintiff's motion to dismiss is **GRANTED**. Defendants' counterclaim is **DISMISSED** with prejudice. Judgement shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 4th day of August, 2010.

*S/Salvador E. Casellas*
Salvador E. Casellas

---

[3] The federal rule is nearly identical. Pursuant to Fed. R. Civ. P. 13(a)(1)(A), "[a] pleading must state as a counterclaim any claim that ... the pleader has against an opposing party if the claim[ ] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]"

**CIVIL NO.  09-2006 (SEC)**  6

U.S. Senior District Judge