IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS A. OTERO-TORRES, et al.

    Plaintiff,

        v.

FEDERICO COLLAZO-RIVERA, et al.

    Defendants.

**Civil No. 09-2006 (SEC)**

**OPINION AND ORDER**

Before the Court are defendants' motion for summary judgment (Dockets # 93 and 94), and plaintiff's opposition thereto (Dockets # 126 and 128). After considering the parties' submissions and the applicable law, defendants' motion is **GRANTED in part and DENIED in part**.

**Procedural Background**

Carlos A. Otero-Torres filed this diversity tort-suit seeking redress for injuries allegedly suffered after co-defendant Federico Collazo-Rivera ("Collazo-Rivera") shot him in the abdomen with a revolver. Docket # 1.[1] The other co-defendants are Collazo-Rivera's father and mother (the "Collazos"), and Collazo-Rivera's closely held corporations, Transportes Collazo-Rivera, Inc., and Ecori Transport, Inc (collectively, the "Corporations" and together with the other co-defendants, "Defendants"). Otero-Torres' claims are predicated on Articles 1802 and 1803 of Puerto Rico's Civil Code. P.R. Laws Ann. tit. 31, §§ 5141 and 5142.

Months into the case, Defendants moved for summary judgment on the claims against the Collazos as well as those against the Corporations. Docket # 93. In their motion, Defendants contend that the evidence of record fails to show that the Collazos either caused the alleged

---

[1] Although Collazo-Rivera was charged with attempted murder for the shooting, he was acquitted after trial. Docket # 93, p. 6.

**CIVIL NO. 09-2006 (SEC)** 2

injuries or acted negligently in connection with them. Id. As to the Corporations, Defendants argue that the shooting was totally unrelated to the Corporations' affairs. Id. Otero-Torres timely opposed each of these contentions.

**Uncontested Facts**

The material, undisputed facts of this case are limited but uncomplicated. While working at an industrial park early in the morning of October 23, 2004, Otero-Torres saw a white van go by and park near the area where he was located. Docket # 126. Inside the van were Collazo-Rivera, the Collazos, a two year-old, and another person. Id.

Soon after parking the van, Collazo-Rivera and Otero-Torres began fist-fighting. Id.[2] During the scuffle Collazo-Rivera shot Otero-Torres in the abdomen with a revolver he had been carrying in the pocket of his jacket. Id. Soon thereafter, Collazo-Rivera's father forced his son away to prevent him from firing at Otero-Torres for a second time. Id. The Collazos left the industrial park after the shooting and eventually turned Collazo-Rivera and the revolver to the police. Id.[3]

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[2] Although Collazo-Rivera's father also got involved in the fight, Defendants claim that he only attempted to break up the scuffle. Otero-Torres, however, alleges that Collazo-Rivera's father grabbed and hit him to protect his son. Id. The fight allegedly began because Otero-Torres had spread bad rumors regarding the internal affairs of the Corporations. Id.

[3] Otero-Collazo claims that Defendants left him to his peril, lying on the ground seriously wounded. Docket # 1, ¶ 26. Defendants submissions are silent in this regard.

**Civil No. 09-2006 (SEC)**                                                                                                  3

242, 248 (1986); Ramirez Rodriguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact at issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (quoting Garside, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994)). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue . . . . Failure to do so allows the summary judgment

**Civil No. 09-2006 (SEC)**                                                                                         4

engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve.").

**Applicable Law and Analysis**

*Claims Against the Collazos*

A federal court sitting in a diversity case must apply the substantive law of the forum where the action is filed. Semtek Int'l. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498 (2001). Here, Otero-Torres premises his claims against the Collazos on Article 1802 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31 § 5141. Article 1802 establishes that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." Id. Accordingly, a claimant seeking relief under this article must establish "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between them." Soc. Gananciales v. Padin Co., Inc., 17 P.R. Offic. Trans. 111, 117 P.R. Dec. 94 (1986).

The scope of negligence under Article 1802 is broad—"as broad as the behavior of human beings . . . includ[ing] any fault that causes harm or injury." Bonilla v. Chardon, 18 P.R. Offic. Trans. 696, 709, 118 P.R.Dec. 599 (1987) (quoting Colon v. Romero-Barcelo, 112 P.R. Dec. 573, 579 (1982)); see also Vernet v. Serrano Torres, 566 F.3d 254, 259 (1st Cir. 2009) (noting that the provisions of Article 1802 must be interpreted expansively). Nevertheless, the existence of an injury or damages alone provides no grounds for liability under Article 1802. A defendant will be liable only for those reasonably foreseeable consequences associated with

his acts or omissions. Wojciechowicz v. United States, 576 F. Supp. 2d 241, 270-72 (D.P.R. 2008) (citing De Jesus-Adorno v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir. 1998)).

Regarding a defendant's omissions, those "that generate[] liability under Article 1802 happen[] when 'the law imposes a duty of care requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risk.'" Zabala-Calderon v. U.S., 616 F. Supp. 2d 195, 199 (D.P.R. 2008). The duty of care may arise in one of three ways: "(1) by a statute, regulation, ordinance, bylaw, or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation." De Jesus-Adorno, 160 F.3d at 842. Moreover, "the duty is defined by the general rule that one must act as would a prudent and reasonable person under similar circumstances." Vazquez-Filippetti v. Banco Polpular de Puerto Rico, 504 F.3d 43, 49 (1st Cir, 2007) (citing Ortiz v. Levitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 P.R.Dec. 290 (1973)).

Although the duty of care calls for the anticipation of reasonably probable injuries to probable victims, Marshall v. Perez Arzuaga, 828 F.2d 845, 847 (1st Cir. 1987), "the foreseeability required under [Article] 1802 does not extend to all imaginable effects resulting from defendant's conduct. This would be tantamount to turning the defendant into an absolute insurer of its acts and omissions." Wojciechowicz, 576 F. Supp. 2d at 272. Therefore, a person breaches the duty of reasonable care only when his actions create reasonably foreseeable risks. Vazquez-Filippetti, 504 F.3d at 49.

In this case, the uncontroverted record presented to the Court is insufficient to conclude that the Collazos acted as reasonable persons would have under similar circumstances. Vazquez-Filippetti, 504 F.3d at 49. For example, on the record available now, the Court is

**Civil No. 09-2006 (SEC)** 6

unable to determine the involvement of Collazo-Rivera's father in the shooting nor whether he knew that his son was carrying a gun. Similarly, the record provides no answers as to whether (1) the Collazos knew about Otero-Torres' injuries; (2) the Collazos called an ambulance or informed the police about the injuries; or (3) the Collazos left Oterro-Torres lying on the ground, seriously wounded and unattended as alleged in the complaint. Unable to answer this type of questions, the Court cannot grant the relief Defendants request. Therefore, their motion for summary judgment as to the claims against the Collazos is **DENIED.**

*Claims Against The Corporations*

As stated above, Defendants also move for summary judgment as to Otero-Torres' claims against the Corporations, arguing that the facts underlying this suit do not comport with Article 1803 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, § 5142. Among other things, Article 1803 provides for the imposition of vicarious liability on an employer for damages an employee negligently causes while acting within the scope of employment or for the employer's benefit. Id. For example, in Sanchez-Soto v. ELA, 128 P.R. Dec. 497 (1991), where an off-duty police officer negligently shot another person after mishandling his gun, the Supreme Court of Puerto Rico found the Commonwealth vicariously liable because the officer was required to carry the gun at all times as part of his job with the police. In so holding, the court stated that the officer was advancing his employer's interest by carrying the gun when it went off. Id.

In contrast, in Hernadez-Velez v. Televicentro, 168 P.R. Dec. 803 (2006), where an employee sexually harassed a co-worker, the Supreme Court refused to find the employer vicariously liable, finding that the employee's actions "did not benefit the employer's business nor were within the employee's authority." (Translation supplied). Specifically, the court noted that the sexual advances defendant made were outside the scope of his employment and stated

**Civil No. 09-2006 (SEC)** 7

that imposing liability upon the employer under the circumstances was possible only under a strict liability regime unavailable under Article 1803. Id.; see also Hernandez-Velez v. Televicentro, 168 P.R. Dec. 803 (2006) (summarizing controlling Article 1803 employer/employee liability jurisprudence and restating that the relevant inquiry is whether the employee caused the damages while acting within the scope of employment and for the benefit of the employer).

In this case, Defendants argue that "the shooting of [Otero-Torres] by Federico . . . was an intentional act of self defense that did not have to do with [Defendants] work for [the Corporations]. [Otero-Torres] had resigned from [the Corporations] months before the incident and [the Corporations] in any way benefitted from Collazo-Rivera's fight with [Otero-Torres]." Docket # 93, p. 12. On the other hand, Otero-Torres contends that when the shooting happened, Collazo-Rivera was acting within the scope of his employment with the Corporations because (1) he went to the industrial park to inspect some of the Corporations' trailers; (2) the fight ensued over remarks Otero-Torres allegedly had made regarding the internal affairs of the Corporations; and (3) he was the principal of the Corporations. Docket # 128-1, pgs. 21-25.

The undisputed record before the Court supports Defendants' position. First, the Corporations' were in the business of transporting commercial freight within Puerto Rico. In this line of business, Collazo-Rivera's use of his gun would have benefitted or advanced the Corporations affairs under one scenario only: safeguarding the Corporations' property. Here, however, there is no dispute that Collazo-Rivera fired his gun in the middle of a fight that had nothing to do with the Corporations' property. Moreover, after the shooting, Collazo-Rivera was arrested and criminally prosecuted for his actions. Even though he eventually prevailed in the criminal case, the uncertainty and negative publicity that accompany every criminal prosecution can hardly be said to have benefitted the Corporations.

**Civil No. 09-2006 (SEC)** 8

Second, although Collazo-Rivera was at the industrial park in connection with the Corporations' affairs, the fist-fight and the shooting fell outside the scope of his employment with the Corporations. In fact, as the principal of the Corporations, Collazo-Rivera was duty-bound to carry official and personal affairs with decorum and due care. P.R. Laws Ann. tit. 14, § 2723. His actions on the day of the shooting failed this standard. Accordingly, the Court finds that the Corporations cannot be held vicariously liable for any damage award Otero-Torres may eventually obtain in this suit.

**Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants' motion as to the Collazos but **GRANTS** their motion as to the Corporations.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of November, 2011.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge